## IN THE SUPERIOR COURT OF GUAM

PEOGLE OF GUAM,

vs.

JORDAN MICHAEL BABAUTA,
DOB: 03/15/1991

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0680-23**
GPD Report No. 23-03172

**DECISION & ORDER
RE. DEFENDANT'S MOTION TO
DISMISS**

This matter came before the Honorable Alberto E. Tolentino on September 5, 2024, for a Motion Hearing. Defendant Jordan Michael Babauta ("Defendant") was present with counsel Attorney Vanessa Williams. Assistant Attorney General Sean Brown was present for the People of Guam ("People"). During the hearing, the court addressed the Defendant's Motion to Dismiss. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral argument, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss.

\\

\\

\\

## BACKGROUND

The Defendant was charged with the following offenses: (1) ARMED CARJACKING (As a 1st Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation; (2) SECOND DEGREE ROBBERY (As a 2nd Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation; (3) THEFT OF A MOTOR VEHICLE (As a 2nd Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation; and (4) AGGRAVATED ASSAULT (As a 3rd Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation.

The Defendant was in custody during his arraignment. At the time, the Public Defender Service Corporation ("PDSC") served as his attorney. During the arraignment hearing, the Defendant asserted his right to speedy trial. Arraignment Mins. at 2:41:29PM (Nov. 21, 2023). However, he also pled Not Guilty by Reason of Mental Illness, Disease, or Defect ("NGRI"). *Id.*

The following day the court filed an Order for Forensic Evaluation for the Defendant. Order (Nov. 22, 2023). After the Defendant's Forensic Evaluation was filed, the court scheduled a competency hearing for January 4, 2024. However, PDSC filed an *Ex Parte* Motion to withdraw as the Defendant's counsel, which the People did not oppose. The court then granted PDSC's withdrawal and appointed the Alternate Public Defender ("APD") on December 28, 2023. Order (Dec. 28, 2023). However, on January 4, 2024, the court granted APD's *Ex Parte* Motion to withdraw as court-appointed counsel and appointed Attorney William Brennan. Comp. Hr'g Mins. at 11:25:02–26:21AM (Jan. 4, 2024). Due to a conflict of interest, Attorney Brennan filed a Motion to withdraw the next day. After granting his withdrawal, the court appointed Attorney

Vanessa Williams who remains as the Defendant's counsel. Comp. Hr'g Mins. at 2:08:25–12:22PM (Jan. 18, 2024).

On February 28, 2024, the court held a continued Competency Hearing for the Defendant. During the hearing, the Defendant was found competent to be proceeded against. Comp. Hr'g Mins. at 11:17:27–17:58AM (Feb. 28, 2024).

On August 15, 2024, the Defendant filed his Motion to Dismiss the Indictment arguing that there was no good cause to commence his trial beyond the statutorily prescribed period. Mot. Dismiss (Aug. 15, 2024). The People filed its Opposition to the Motion to Dismiss on August 22, 2024, refuting that the Defendant's right to speedy trial was violated. Opp'n (Aug. 22, 2024). The Defendant subsequently filed his Reply on August 29, 2024, stating that there was no implicit waiver to his statutory right to speedy trial. Reply (Aug. 29, 2024). On September 5, 2024, the court took the Motion to Dismiss under advisement after hearing the parties' arguments. Mot. Hr'g Mins. at 10:50:50–52:04AM (Sept. 5, 2024).

## DISCUSSION

Pursuant to 8 GCA § 80.60(a), the court shall dismiss a criminal action for failure to commence trial of a defendant within forty-five (45) days after arraignment. Because Defendant Babauta asserted speedy trial and pled NGRI at his arraignment hearing, the court must first determine whether his assertion of speedy trial was proper when he also placed his mental state into question.

**A. Defendant Babauta's right to speedy trial was not violated.**

The Defendant argues that his speedy trial clock was no longer tolled once he was deemed competent to be proceeded against on February 28, 2024. Mot. Dismiss at 3 (Aug. 15, 2024). This would mean that the Defendant also argues that the last day for the court to bring trial would have

been April 13, 2024. *Id.* at 2. The People contest that because the Defendant reasserted his right to speedy trial on July 26, 2024, after the issue of his mental state was resolved, the new deadline to bring trial was September 9, 2024.[1] Opp'n at 3 (Aug. 22, 2024).

Pleading NGRI is an affirmative defense that precludes responsibility if the Defendant proves the existence of a mental illness, disease or defect by a preponderance of evidence. 9 GCA § 7.22(a). When a defendant enters a plea of NGRI or gives proper notice of it, "the court shall appoint at least one qualified psychiatrist or other qualified person (hereinafter referred to as psychiatrist) to examine the defendant and to report upon his mental condition." 9 GCA § 7.25(a). The court-appointed psychiatrist must then conform their written report under the parameters outlined in 9 GCA § 7.25(g).[2] In a criminal action, the psychiatrist deems a defendant incompetent to be proceeded as a result of a mental illness, disease or defect if they are unable to: (1) understand the nature of the proceedings; (2) assist and cooperate with counsel; (3) follow the evidence; or (4) participate in their defense. 9 GCA § 7.37(a).

In this case, the court filed its Order for Forensic Evaluation on November 22, 2023, with the evaluation due on December 22, 2023. Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") filed the Forensic Evaluation on December 12, 2023. Before the court could resolve the issue of the Defendant's competency on the record, PDSC, APD, and

---

[1] Although the People's Opposition incorrectly stated that the Defendant asserted his right to speedy trial on July 29, 2024, the People correctly indicated during the Motion Hearing that he asserted on July 26, 2024.

[2] Under 9 GCA § 7.25(g), the court-appointed psychiatrist's written report of the Defendant's examination must include: (1) A description of the nature of the examination; (2) The number of examinations and duration of each examination; (3) The sources of information about the defendant; (4) A diagnosis or description of the defendant's mental condition; (5) An opinion as to the defendant's competency to be proceeded against, together with the reasons and basis for the opinion; (6) If the defendant has been convicted, an opinion as to his competency to be sentenced, together with the reasons and basis for the opinion; (7) If prior to conviction, an opinion as to whether or not the defendant was suffering from any mental illness, disease or defect at the time of the conduct alleged to have constituted the offense charged against the defendant and whether, as a result thereof, he lacked substantial capacity to know or understand what he was doing; or to know or understand that his conduct was wrongful or to control his actions; or the extent to which, as a consequence of mental illness, disease or defect, the defendant did or did not have a state of mind or the capacity to have a state of mind relevant to any issue in the trial of the action; (8) A report of the care and treatment received by defendant prior to the examination.

Attorney Brennan respectively filed each of their motions to withdraw as counsel due to conflicts of interest.[3] After appointing Attorney Vanessa Williams as new counsel, the court declared the Defendant competent to be proceeded against based on the Forensic Evaluation, which neither party disputed. Further Proceedings Mins. at 11:17:27–17:58AM (Feb. 28, 2024).

Because the Defendant's mental state was put at issue at the time of the arraignment, the court agrees that the Defendant could not have properly asserted his right to speedy trial until his competency was no longer in question. Because the Defendant's assertion at arraignment was not valid, the Defendant properly asserted his right to speedy trial on July 26, 2024, *after* the court deemed the Defendant competent to be proceeded against.[4] Based on this assertion, the court was required to bring trial no later than September 9, 2024. Therefore, the Defendant's right to speedy trial was not violated.

**B. Even if the Defendant's right to speedy trial was violated, the Defendant implicitly consented to setting a date for trial beyond the prescribed period.**

The court *shall not* dismiss a criminal action for failure to commence trial of a defendant within forty-five (45) days after arraignment if: (1) the Defendant expressly or implicitly consents to setting a trial date beyond forty-five (45) days; (2) the Defendant failed to appear for trial and is brought to trial within thirty (30) days following his next appearance; or (3) there is good cause for failure to commence the trial within the prescribed period. 8 GCA § 80.60(b) (emphasis added).[5]

---

[3] *Ex Parte* Mot. Withdraw (Dec. 20, 2023); *Ex Parte* Mot. Withdraw (Jan 3, 2024); Mot. Withdraw (Jan. 5, 2024).

[4] On July 29, 2024, the court noted for the record that although the court's minute entry may indicate that the Defendant asserted at his arraignment hearing, the Defendant actually did not assert his right to speedy trial. Pre-Trial Conference Mins. at 2:17:44PM (July 29, 2024). When a defendant places their mental state at issue, but still wants to assert their right to speedy trial, it is common practice among Magistrate Judges to assert speedy trial on the Defendant's behalf. Although the court does not agree with this practice, the court understands that this practice is in place to ensure that a case does not linger while other procedural matters, like discovery or appointment of new counsels, are pending completion.

[5] Because 8 GCA § 80.60(b)(2) is not relevant to this case, the court will only address 8 GCA § 80.60(b)(1) and (3).

**1. There was no good cause for failure to commence the trial within forty-five (45) days.**

The Guam Supreme Court acknowledged that delays for the benefit of the defendant constitute good cause for tolling the speedy trial clock. *Ungacta v. Superior Court of Guam*, 2013 Guam 29 (arguing that "delays caused by, or for the benefit of the defendant constitute good cause for speedy trial purposes."). However, delay attributable to the fault of the prosecution or improper court administration does not constitute good cause. *People v. Flores*, 2009 Guam 22 ¶ 32. "Whether there is good cause for delay beyond the time prescribed in the statute depends on the facts and circumstances of each case and is a determination within the discretion of the trial court. *Nicholson v. Superior Court of Guam*, 2007 Guam 9 ¶ 13 (citing *Hollis v. Super. Ct.*, 165 Cal. App. 3d 642, 645 (1985)).

The Defendant argues that not only was there was no good cause for the People's failure to commence trial within forty-five (45) days, but that his conduct after being deemed competent does not constitute an implied waiver of his right to speedy trial.[6] In the Motion Hearing, the Defendant stated that the delay prejudiced him through the People's promises to send an offer rather than proceed with trial; but no offer was sent to this day. Mot. Hr'g Mins. at 10:20:25–21:20AM (Sept. 5, 2024). While the People acknowledge the Defendant was not brought to trial within the prescribed period, it reasons that the delay in commencing trial was justified. For instance, at the time alleged negotiations for an offer took place, the People prioritized the Defendant's homicide case that was set for trial. Mot. Hr'g Mins. at 10:25:50–27:40AM (Sept. 5, 2024).[7]

---

[6] Mot. Dismiss at 3–4 (Aug. 15, 2024); Reply at 2 (Aug. 29, 2024).
[7] In CF0458-23, the Defendant was charged with AGGRAVATED MURDER (As a 1st Degree Felony) and GUILT BY COMPLICITY (As a Felony). Ultimately, the case was dismissed without prejudice on July 3, 2024.

While the court agrees that there was no good cause for the People's failure to bring the Defendant to trial within forty-five (45) days of his arraignment, the court must review whether the Defendant expressly or implicitly consented to the court setting his trial date on September 9, 2024.

**2. There was implied consent from Defendant Babauta to set trial beyond the prescribed period.**

Because the Defendant never lodged a waiver of speedy trial with the court, or verbally stated his intent to waive, the court is satisfied that there is no proof of the Defendant's express consent to set trial beyond the prescribed forty-five (45) days. The issue the court will now determine is whether the Defendant implicitly consented to a trial date beyond that provided by statute.

The People addressed several arguments in the Motion Hearing regarding the Defendant's alleged consent to bring trial on September 9, 2024. First, because the court's Order[8] granting APD's withdrawal left the "ASSERTED" box unmarked, the People argued that neither parties nor the court assumed that the Defendant was still asserted. Mot. Hr'g Mins. at 10:29:24–30:28AM (Sept. 5, 2024). Second, the People argued that there was no objection to September 9, 2024, as a trial date when the court scheduled it on the record on July 29, 2024. *Id.* at 10:32:46–33:40AM. In the People's Opposition, it also treated the Defendant's request for a court-appointed investigator as an implicit waiver, because it was filed beyond April 13, 2024. Opp'n at 3 (Aug. 22, 2024). In response, the Defendant argued that counsel's mistake to object should not be imputed on the Defendant himself. Mot. Hr'g Mins. at 10:21:52–22:45AM.

In 2010, the Guam Supreme Court first addressed the issue of whether a defendant's failure to object, through counsel, to the court's postponement of trial beyond the prescribed

---

[8] Order Granting Withdrawal (Jan. 5, 2024).

period and articulated a two-fold purpose for why a defendant must object at the time the cause is set for trial beyond the statutory period. *Quinata v. Superior Court*, 2010 Guam 8 ¶ 17. First, the defendant's objection may procure an earlier trial for the Defendant by calling the trial court's attention to the facts the objection is based upon. *Id.* (citing *People v. Lind*, 229 P. 990, 991 (Cal. 1924)). Second, without the objection being made on the record, the defendant is unable to preserve their right to appeal in the future. *Id.* Ultimately, the Guam Supreme Court found that the defendant consented to a postponement when defense counsel failed to object to it. *Quinata* 2010 ¶ 30 (finding that when the court notified defense counsel in Quinata's presence that due to another asserted trial, his pretrial conference would be postponed until the following week, and defense counsel failed to object to the postponement.[9]

Here, the court is aware that Defendant Babauta asserted his right to speedy trial during a Further Proceedings on July 26, 2024. Based on the court's records, the Defendant only expressed his intent to file a Motion for Bail Redetermination as well as his outstanding requests for a court-appointed investigator and grand jury transcripts. Further Proceedings Mins. at 2:22:53–23:23PM (July 26, 2024). Like defense counsel in *Quinata*, Attorney Williams did not object to the court's scheduling of trial for September 9, 2024. Notably, when the court asked the parties to clarify the Defendant's waiver of speedy trial, he indicated that this was correct before asserting his right to speedy trial on the record a few seconds later. Further Proceedings Mins. at 2:24:30–24:41PM (July 26, 2024). After calculating the Defendant's speedy trial clock based on the Defendant's

---

[9] While the Guam Supreme Court cited cases where courts did not imply a defendant's consent from their counsel's failure to object, those cases are distinguishable from this matter. In those cases, the courts refused to imply a defendant's consent from defense counsel's actions regarding the bases of counsels' actions were to resolve calendar conflicts amid a defendant's express objection. *Quinata*, 2010 Guam 8 ¶ 19 (citing *People v. Johnson*, 606 P.2d 738, 744 (Cal 1980); *Cruz v. People of Terr. of Guam*, DCA No. 88-00035A, 1989 WL 265029 (D. Guam App. Div. 1989))

July 26th assertion, the court issued its Criminal Trial Scheduling Order. Despite this, neither party raised issues or objections about any dates listed in that order.[10]

Prior to his July 26th assertion, Defendant Babauta also made no record of alleged speedy trial violations for not bringing trial by April 13, 2024, even after the court resolved the issue of the Defendant's competency back in February. Instead, the Defendant proceeded to file motions on May 16, 2024.[11] Because nothing was mentioned before or during the Defendant's Further Proceedings on April 24, 2024, the court viewed the Defendant's inaction on potential speedy trial violations as an intent to move forward with the case after the April 13, 2024. Since the Defendant's competency issue resolved, his actions between April 13 and July 29 – including his clarification on the waiver, motions filed within that time period, and the lack of objection to the dates within the court's Criminal Trial Scheduling Order – collectively show that the Defendant implicitly consented to having his trial on September 9, 2024.

Thus, the court finds that the mandate of 8 GCA § 80.60 were observed and that the Defendant's statutory speedy trial rights were not violated.

\\
\\
\\
\\
\\
\\
\\
\\

---

[10] The court later acknowledged on the record that it had made a clerical error as to some of the dates listed in the Criminal Trial Scheduling Order. Upon the court's correction, the parties had no objection to the errors found.

[11] Request for Disclosure (May 6, 2024); Formal Request for Evidence (May 6, 2024); Mot. Grand Jury Transcripts (May 16, 2024); Mot. Investigator (May 16, 2024).

## CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the Defendant's Motion to Dismiss.

**SO ORDERED** this _____ DEC 0 3 2024 _____ .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

· acknowledge that an electronic
Copy of the original was e mailed to

_AG, Williams_

_____

Date. _12/3/24_ Time. _2:07pm_

_Albert Caldio an_

Deputy clerk , Superior Court of Guam